UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH WALKER, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-04236 |
| | § | |
| MISSOURI HIGHER EDUCATION LOAN | § | |
| AUTHORITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

## I.    INTRODUCTION

Pending before the Court is the defendant's, Missouri Higher Education Loan Authority ("MOHELA") motion to dismiss, the plaintiff, Keith Walker Jr's ("Walker") lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 23). The plaintiff has filed a response to the defendant's motion (Dkt. No. 24). After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendant's motion should be **GRANTED**.

## II.    FACTUAL BACKGROUND

This dispute arises from an alleged mishandling of private student loans involving the plaintiff and the defendant.  The plaintiff was enrolled as a student at Full Sail University (Full Sail"), from February 2008 until he completed his degree in December 2010.  During this time, he sought and obtained federal student loans from the U.S. Department of Education ("ED") and private student loans through MOHELA.

On or before June 22, 2022, the plaintiff submitted a request to ED seeking federal student loan forgiveness based on alleged misconduct and misrepresentation by Full Sail.  He alleged that

1 / 4

Full Sail misled him about employment opportunities and career services, that they offered, but did not provide. For example, they provided inadequate resume help, mock interviews, and job-placement support. Additionally, he alleges insufficiencies in accreditation, failures in transferring credits, excessive program cost, while engaging in aggressive and deceptive recruitment practices.

On January 28, 2025, the plaintiff received notice from the ED that his federal student loans have been forgiven based on his allegations of school misconduct. However, the letter expressly stated that the ED's forgiveness does not apply to private loans. On January 31, 2025, the plaintiff emailed MOHELA requesting private student loan forgiveness and a temporary forbearance on loan repayment due to alleged misconduct by Full Sail. The findings of the ED formed the basis for the plaintiff's request for forgiveness of his private loans.

### III. CONTENTIONS OF THE PARTIES

The plaintiff's contentions against MOHELA arise out of his relationship with Full Sail. He seeks to recover Full Sail's alleged misconduct, misrepresentation, and deceptive recruitment practices, including claims related to Full Sail's failure to assist students with job placement and accreditation. The plaintiff claims that the defendant's ongoing billing to him is unlawful because Full Sail has been found to have engaged in deceptive and misleading practices. Furthermore, he argues that his loans were forgiven under a "Borrower Defense to Repayment" discharge application. Hence, his private loans, held by MOHELA, should also be discharged because, but for the alleged misrepresentation by Full Sail, he would not have taken out the loans. Moreover, he argues, the loans are voidable under the "Holder" Rule.

What is more, the plaintiff contends that, the defendant violated the Fair Credit Reporting Act ("FCRA") by failing to conduct a reasonable investigation yet continues to bill him for his private student loans. As a result, the plaintiff asserts that he has suffered credit damage, emotional

distress, and financial loss.   Finally, the plaintiff argues that MOHELA violated the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") by engaging in false, misleading, or unconscionable acts by enforcing a private loan when his federal loan have been forgiven due to fraud and predatory practices by Full Sail.

In response, the defendant assents that the plaintiff's suit should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because MOHELA has no authority to discharge the plaintiff's loans.   MOHELA is merely a sub-servicer.   Concerning the issue of forgiveness, defendant argues that the plaintiff is fully aware that forgiveness of his federal loans has no bearing on the enforceability of his private loans. Finally, the defendant argues that the time for bringing this suit has expired.   Therefore, statute of limitations bars the plaintiff's lawsuit and,  there is no basis for a DTPA claim.

## IV.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Hereafter, under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Therefore, dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court's review may include the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## V.    ANALYSIS & DISCUSSION

The plaintiff fails to state a claim because he sued the wrong party.  Federal Rules of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted."  Here, the plaintiff alleges that MOHELA as the servicer of a private loan, has failed and refused to forgive his private loans.  However, he has sued the wrong party.  MOHELA is merely a subsidiary of Navient Solutions, LLC, the entity that services the loan.  Therefore, MOHELA is not the proper party in this lawsuit.

Furthermore, the plaintiff's failure to sue the proper party undermines his remaining causes of action, including his DTPA claim.  Hence, the Court will not address this cause of action on the same legal basis.  The proper party is not before the Court.

## VI.    CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion to dismiss should be and it is hereby **GRANTED**.

It is so **ORDERED**.

SIGNED on February 11, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge

4 / 4